**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QIAN XIONG LIN,<br>on behalf of himself and others similarly situated,<br><br>            Plaintiff<br>  -against-<br><br>DJ'S INTERNATIONAL BUFFET INC., DING CHEN,<br>DAVID LIANG and SHIRLEY KIN BI,<br><br>          Defendants | Case No.:<br><br>**COMPLAINT** |

Plaintiff, through his undersigned attorney, alleges as follows:

<u>**NATURE OF ACTION**</u>

1.  This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C., Secs. 206, 207, and 216(b); New York Labor Law (hereinafter referred to as "NYLL") Article 19  §§ 633 and 652; NYLL Article 6 et sec; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §142-2.2; 12 NYCRR 142-2.4: and 12 NYCRR §137-1.7 to recover unpaid wages, overtime compensation owed to Plaintiff  who was formerly employed by Defendants DJ's International Buffet Inc., and their owners/managers Ding Chen and David Liang (collectively the "Defendants").

2.  Beginning about July, 2011, and continuing to June 18, 2017, Defendants have failed to provide the statutory hourly wage to its employees as required by federal and state law.

3.  Beginning prior to July, 2011, and continuing to the present , Defendants have  engaged in a policy and practice of requiring their employees to regularly work in

excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

4.      Under the direction of DJ's International Buffet Inc. (hereinafter, "DJ"s), corporate director, owner, and managers, Ding Chen, ("Chen"), Shirley Kin Bi ("Bi"), and David Liang ("Liang"), Defendants instituted this practice of depriving Plaintiff of compensation, including overtime wages, for work as mandated by federal and state law.

5.      Plaintiff has initiated this action seeking compensation, including overtime compensation, that he was deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. 216 (b) and 28 U.S.C. 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. 1367 for the claims brought under the New York Labor Law.

7.      The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. 255 (a)

8. The statute of limitations under the NYLL is six (6) years. *See* NYLL 198(3).

## VENUE

9.      Venue for this action in the Eastern District of New York under 28 U.S.C. 139(b) is appropriate because the Defendants maintain their place of business at 1100 Stewart Avenue in Garden City, New York.

## THE PARTIES

10.      Plaintiff is an individual residing in the State of New York who has performed labor for the Defendant DJ's at 1100 Stewart Avenue, Garden City, N.Y.

11.     Upon information and belief, Defendant DJ's International Buffet Inc. (DJ's) is a corporation incorporated under the laws of the State of New York with a principal place of business at 1100 Stewart Avenue in Garden City, NY.

12.     Bing Chen, David Liang, and Shirley Kin Bi are owners or managers of Defendant DJ's.

13.     Defendants engage in interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

14.     Upon information and belief, Defendant's annual gross volume of sales is not less than $500,000.

### FACTS

15.     Upon information and belief, beginning prior to July 1, 2011, Defendants employed Plaintiff to perform work in Defendants' restaurant operations.

16.     Upon information and belief, while working for Defendants, Plaintiff was typically required to start work at about 10:30 AM six days per week, Tuesdays through Sundays.

17.     Upon information and belief, while working for Defendants, Plaintiff was typically required to cease working at 10:00 P.M. each day four days per week.

18.   For another two days per week, Plaintiff was required to start work at 10:30 AM and cease working at 11:00 PM two days per week, Fridays and Saturdays.

.    19.     Upon information and belief, Plaintiff was typically required to work six (6) days per week.

20.    While working for Defendants, Plaintiff did not receive overtime wages, at the rate of one and one-half times (1.5x) the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

21.    Upon information and belief, Defendants Ding Chen, David Liang and Shirley Kin Bi are the Managing Directors and/or owners of Defendant  DJ's, and a) had the power to hire and fire employees for that entity; b) supervised and controlled employee work schedules or conditions of employment for Defendant DJ.; c)  determined the rate and method of payment for DJ's  employees, and d) maintained employment records for DJ's.

22.    Upon information and belief, Defendants Ding Chen, David Liang, and Shirley Kin Bi are each employers within the meaning of the FLSA.

23.    Upon information and belief, Defendant s Chen, Liang, and Bi each had complete control of the  activities of  DJ's  which give rise to the claims brought herein.

24..    Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act, and applicable New York State law, and the supporting regulations, by failing to maintain proper and complete timesheets or payroll records.

## FIRST  CAUSE OF ACTION AGAINST DEFENDANTS
## FLSA OVERTIME COMPENSATION

25.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 24 hereof as if fully set forth herein.

26.    Pursuant to 29 U.S.C. 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production

of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

27.     Defendants failed to pay the Plaintiff overtime wages at the rate of one and one- half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

28.     The failure of Defendants to pay  the Plaintiff his rightfully owed overtime compensation was willful.

29.     For the foregoing reasons, Defendants are liable to  Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND  CAUSE OF ACTION AGAINST DEFENDANTS
## NEW YORK OVERTIME COMPENSATION LAW

30.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 hereof.

31.     12 NYCRR 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

32.     New York Labor Law Article 19 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees."

33.     Plaintiff worked more than forty hours a week while working for Defendants.

34.    Defendants failed to pay the Plaintiff overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

35.    Consequently, by failing to pay the Plaintiff overtime compensation for all hours worked in excess of forty (40) hours in any given week, Defendants violated New York Labor Law Article 19 663 and 12 NYCRR 142-2.2.

36.    The failure of the Defendants to pay  the Plaintiff his rightfully owed overtime compensation was willful.

37.    For the foregoing reasons, Defendants have violated Labor Law Article 19 663 and 12 NYCRR 142-2.2 and are liable to the Plaintiff in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## FAILURE TO PAY WAGES

38.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 37 hereof.

39.    Pursuant to Article Six of the New York Labor Law, workers, such as the Plaintiff herein, are protected from wage underpayments and improper employment practices.

40.    DJ's is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 6 190(3) and the supporting New York State Department of Labor Regulations.

41.    Defendants Chen, Liang, and Bi  are each employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (3) and the supporting New York State Department of Labor Regulations.

42.     Plaintiff Lin is an employee, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (2) and the supporting New York State Department of Labor Regulations.

43.     Plaintiff's agreed upon wage rates and/or overtime compensation rates were within the meaning of New York Labor Law Article 6 190,191.

44.     Pursuant to New York Labor Law Article 6 191 and the cases interpreting same, workers such as the Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

45.     In failing to pay the Plaintiffs their earned overtime Compensation within the week such wages were due, Defendants violated NYLL Article 6 191.

46.     Pursuant to New York Labor Law Article 6 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiffs herein, that is not otherwise authorized by law or by the employee.

47.     By withholding wages and overtime payments for time worked in any given week from Plaintiff, and taking unauthorized deductions therefrom, pursuant to New York Labor Law Article 6 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff.

48.     Upon information and belief, Defendants' failure to pay Plaintiff his earned overtime compensation was willful.

49.     By the foregoing reasons, Defendants have violated NY Labor Law Article 6 198 and are liable to the Plaintiffs in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

50.     Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

51.     The Americans with Disabilities Act ("ADA") prohibits discrimination against people in employment. Title I of the ADA protects the rights of employees. The ADA prohibits private employers from discriminating against individuals with disabilities in hiring, firing and job training.

52.     The Defendants herein are a covered entity under the ADA. The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee, including a private employer, who are required to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. §12112(b)(5)(A) and §12111(2).

53.     The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position." §12111(8).

54.     A "disability" is, inter alia, a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." §12102(2).

55.     In or about June, 2017, the Plaintiff developed symptoms of difficulty in performing his tasks in employment. He was working a sushi chef, which required repetitive activity, and was overworked to the point where he could no longer move his arm as required.

56.     On or about June 18, 2017, he asked the Defendants to provide medical care. Defendants refused, and did not provide Worker's Compensation to Plaintiff. In response to Plaintiff's complaint of job-related impairment, Defendants fired him.

57.     This was in violation of the ADA.

**WHEREFORE**, Plaintiff demands judgment:

(1)  On the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)  On the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)  On the  third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law Sections;

(4) On the fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and punitive damages;

(5)  Such other and further relief as the Court may deem just and proper.


Dated:   August 2, 2017

 /s/ *Ricardo R. Morel*          .
Ricardo R. Morel, Esq. (RM2693)
*Attorney for Plaintiff(s)*
39-15 Main Street – Suite 318
Flushing NY 11354
(424) 362-8960
(718) 939-8880
Fax: (718) 939-8881