TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective
and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

 -------------------------------------------------------------- x

Qian Xiong Lin, and
Hang Qi Lin, ,
*on their own behalf and on behalf of others similarly
situated,*

Plaintiffs,

v.

DJ's International Buffet Inc.,
Ding Chen,
David Liang a/k/a David Lian, and
Xin Shirley Bi a/k/a Shirley Kin Bi,

Defendants.

 -------------------------------------------------------------- x

**Case No. 2:17-cv-04994-JS-AYS**

**29 U.S.C. § 216(b) COLLECTIVE
ACTION & FED. R. CIV. P. 23
CLASS ACTION**

**FIRST AMENDED
COMPLAINT**

Plaintiffs Qian Xiong Lin, and Hang Qi Lin (hereinafter referred to as Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants DJ's International Buffet Inc.; Ding Chen, David Liang a/k/a David Lian, and Xin Shirley Bi a/k/a Shirley Kin Bi, and allege as follows:

<u>INTRODUCTION</u>

1.   This action is brought by the Plaintiffs Qian Xiong Lin, and Hang Qi Lin, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.   Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.   Plaintiffs Qian Xiong Lin alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and/or (4) attorney's fees and costs.

4.   Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## <u>JURISDICTION AND VENUE</u>

5.   This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFFS**

7.   From on or about July 01, 2011 to June 30, 2017, Plaintiff Qian Xiong Lin was employed by Defendants to work as a sushi chef at 1100 Stewart Avenue, Garden City, NY 11530.

8.   From on or about January 01, 2011 to December 25, 2014, Plaintiff Hang Qi Lin was employed by Defendants to work as a waiter at 1100 Stewart Avenue, Garden City, NY 11530.

## **DEFENDANTS**

### *Corporate Defendant*

9.   Defendant DJ's International Buffet Inc. is a domestic business corporation organized under the laws of the State of New York with a principal address at 1100 Stewart Avenue, Garden City, NY 11530.

10. DJ's International Buffet Inc. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

11. DJ's International Buffet Inc. purchased and handled goods moved in interstate commerce.

### *Owner/Operator Defendants*

12. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

13. Ding Chen is a part-owner of and an active, day-to-day manager at DJ's International Buffet Inc. and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DJ's International Buffet Inc., 1100 Stewart Avenue, Garden City, NY 11530.

14. Ding Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with at DJ's International Buffet Inc.

15. David Liang a/k/a David Lian is a part-owner of and active, day-to-day manager at DJ's International Buffet Inc., and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DJ's International Buffet Inc., 1100 Stewart Avenue, Garden City, NY 11530.

16. David Liang a/k/a David Lian acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DJ's International Buffet Inc.

17. Xin Shirley Bi a/k/a Shirley Kin Bi is the CEO of, liquor license principal for, and active, day-to-day manager at DJ's International Buffet Inc., and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DJ's International Buffet Inc., 1100 Stewart Avenue, Garden City, NY 11530.

18. Xin Shirley Bi a/k/a Shirley Kin Bi acted intentionally and maliciously and is an employer

pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DJ's International Buffet Inc.

19. Defendants Ding Chen, David Liang a/k/a David Lian, and Xin Shirley Bi a/k/a Shirley Kin Bi are each employers of Plaintiffs within the meaning of the FLSA and NYLL.

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

20. At all times relevant herein, DJ's International Buffet Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

21. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by DJ's International Buffet Inc.

### Wage and Hour Claims

22. There are approximately 26 persons working at DJ's International Buffet, Inc. at any one time, including approximately: 3 sushi chefs; 8 servers; 1 manager on duty; 1 host; 2 barbecue chefs; 2 dishwashers; 2 miscellaneous kitchen workers; 1 oil wok; 1 fry wok; 1 fry wok's helper; and 1 cook dedicated to making Western food.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

24. Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

26. Servers at DJ's International Buffet, Inc., including Hang Qi Lin, were not paid any base

wages at all, even if their tips did not exceed the Federal and New York minimum wages.

27. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

28. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

29. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

30. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

31. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

32. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

33. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff Qian Xiong Lin

34. From on or about July 01, 2011 to June 30, 2017, Plaintiff Qian Xiong Lin was employed by Defendants to work as a sushi chef at 1100 Stewart Avenue, Garden City, NY 11530.

35. From on or about July 01, 2011 to September 30, 2012, Plaintiff Qian Xiong Lin's regular work schedule ran as follows. Each day from 10:00 to 10:30 Plaintiff Qian Xiong Lin would be required to ride to work in the company van; from 10:30 to 22:00 he would work as a sushi chef without any rest breaks and with three (3) ten-minute (10-minute) meal breaks; and from 22:00 to 22:30 he would be required to ride home in the company van. In total he worked twelve (12) hours per workday. About half of his workweeks he worked five (5) days: Wednesdays through Sundays with Mondays and Tuesdays off, for a total of sixty (60) hours per week. About half of his workweeks he worked six (6) days: Tuesdays through Sundays with Mondays off, for a total of seventy-two (72) hours per week. On average he worked sixty-six (66) hours per week.

36. From on or about January 01, 2013 June 30, 2017, Plaintiff Qian Xiong Lin's regular work schedule ran as follows. Each day from 10:00 to 10:30 Plaintiff Qian Xiong Lin would be required to ride to work in the company van; from 10:30 to 22:00 he would work as a sushi chef without any rest breaks and with three (3) ten-minute (10-minute) meal breaks; and from 22:00 to 22:30 he would be required to ride home in the company van. In total he worked twelve (12) hours per workday. About half of his workweeks he worked five (5) days: Wednesdays through Sundays with Mondays and Tuesdays off, for a total of sixty (60) hours per week. About half of his workweeks he worked six (6) days: Tuesdays through Sundays with Mondays off, for a total of seventy-two (72) hours per week. On average he worked sixty-six (66) hours per week.

37. At all relevant times, Plaintiff Qian Xiong Lin did not have a fixed time for his meals.

38. Plaintiff had ten (10) minutes to eat his meals, during which he was on call to work.

39. From on or about July 01, 2011 to July 31, 2011, Plaintiff Qian Xiong Lin was not paid.

40. From on or about August 01, 2011 to September 30, 2012, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of one thousand seven hundred dollars ($1,700.00) per month.

41. From on or about January 01, 2013 to March 31, 2013, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of two thousand four hundred dollars ($2,400.00) per month.

42. From on or about April 01, 2013 to August 31, 2013, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of two thousand five hundred dollars ($2,500.00) per month.

43. From on or about September 01, 2013 to January 31, 2014, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of two thousand six hundred dollars ($2,600.00) per month.

44. From on or about February 01, 2014 to June 30, 2014, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of two thousand seven hundred dollars ($2,700.00) per month.

45. From on or about July 01, 2014 to November 30, 2014, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of two thousand eight hundred dollars ($2,800.00) per month.

46. From on or about December 01, 2014 to April 30, 2015, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of two thousand nine hundred dollars ($2,900.00) per month.

47. From on or about May 01, 2015 to September 30, 2015, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of three thousand dollars ($3,000.00) per month.

48. From on or about October 01, 2015 to March 31, 2016, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of three thousand one hundred dollars ($3,100.00) per month.

49. From on or about April 01, 2016 to August 31, 2016, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of three thousand two hundred dollars ($3,200.00) per month.

50. From on or about September 01, 2016 to January 31, 2017, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of three thousand three hundred dollars ($3,300.00) per month.

51. From on or about February 01, 2017 to June 30, 2017, Plaintiff Qian Xiong Lin was paid a flat compensation at a rate of three thousand four hundred dollars ($3,400.00) per month.

52. At all relevant times, Plaintiff Qian Xiong Lin was not paid overtime pay for overtime

work.

53. Throughout his employment, Plaintiff Qian Xiong Lin was not compensated at least at one-and-one-half times his promised hourly wage for all hours worked above forty (40) in each workweek.

54. At all relevant times, Plaintiff Qian Xiong Lin was not informed that his flat monthly rates were intended to cover anything other than 40 hours per week.

55. Throughout his employment, Plaintiff Qian Xiong Lin was not given a statement with each payment of wages reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

56. Throughout his employment, Plaintiff Qian Xiong Lin was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

### *Plaintiff Hang Qi Lin*

57. From on or about January 01, 2011 to December 25, 2014, Plaintiff Hang Qi Lin was employed by Defendants to work as a server at 1100 Stewart Avenue, Garden City, NY 11530.

58. From on or about January 01, 2011 to December 25, 2014, Plaintiff Hang Qi Lin's regular work schedule ran as follows. Each day from 10:00 to 10:30 Plaintiff Qian Xiong Lin would be required to ride to work in the company van; from 10:30 to 22:00 he would work as a server without any rest breaks and with three (3) ten-minute (10-minute) meal breaks; and from 22:00 to 22:30 he would be required to ride home in the company van. In total he worked twelve (12) hours per workday. About nine out of ten (90%) of his workweeks he worked five (5) days, with two of Mondays, Tuesdays, or Wednesdays off, for a total of sixty (60) hours per week. About one out of

ten (10%) of his workweeks he worked six (6) days: Wednesdays through Mondays with Tuesdays off, for a total of seventy-two (72) hours per week. On average he worked sixty-one and two tenths (61.2) hours per week.

59. At all relevant times, Plaintiff Hang Qi Lin did not have a fixed time for his meals.

60. Plaintiff Hang Qi Lin had ten (10) minutes to eat his meals, during which he was on call to work.

61. Throughout his employment, Plaintiff Hang Qi Lin was not paid any base wage.

62. Throughout his employment, Plaintiff Hang Qi Lin was not informed of his hourly pay rate or of any tip credits towards the minimum wage.

63. Throughout his employment, Plaintiff Hang Qi Lin received tips, which he contributed to a tip pool.

64. Upon information and belief, throughout Plaintiff Hang Qi Lin's employment, Defendant Xin Shirley Bi a/k/a Shirley Kin Bi retained money from the tip pool.

65. At all relevant times, Plaintiff Hang Qi Lin was not paid overtime pay for overtime work.

66. Throughout his employment, Plaintiff Hang Qi Lin was not compensated at least at one-and-one-half times his promised hourly wage for all hours worked above forty (40) in each workweek.

67. Throughout his employment, Plaintiff Hang Qi Lin was not given a statement with each payment of wages reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

68. Throughout his employment, Plaintiff Hang Qi Lin was not compensated for New York's

"spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

69. Plaintiff Qian Xiong Lin brings this action individually and as class representative on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at the minimum hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

70. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

71. All said persons, including Plaintiffs, are referred to herein as the "Class."

72. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

73. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is

presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

74. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b.   Whether Plaintiffs and Class members are promised and not paid at their promised hourly wage;

c.   Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

d.   Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

e.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

h.   Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

i.   At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work.

*Typicality*

75. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

76. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

78. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/Unpaid Wages**
**Brought on behalf of the Plaintiff Qian Xiong Lin and the FLSA Collective]**

79. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

80. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs, and the similarly situated collective action members, in full for some or all of the hours they worked.

81. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

82. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Action Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

**COUNT II.**
**[Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages**
**Brought on behalf of Plaintiffs and Rule 23 Class]**

83. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84. At all relevant times, Plaintiffs are employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

85. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and the Class in full for some or all of the hours they worked.

86. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

87. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April

9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on behalf of the Plaintiff Qian Xiong Lin and the FLSA Collective]**

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

90. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

91. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

92. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

93. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

94. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives'

labor.

95. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiffs and Rule 23 Class]**

96. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97. An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

98. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

99. Defendants' failure to pay Plaintiffs their overtime pay violated the NYLL.

100.      Defendants' failure to pay Plaintiffs was not in good faith.

### COUNT V.
**[Illegal Tip Retention, NYLL §146-2.18 and NYLL §146-2.20
Brought on behalf of Plaintiff Hang Qi Lin and the Rule 23 Class]**

101.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102.     Section 196-d of the New York Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

103.     A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

104.     The NYLL prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

105.     Retaining portions of the tips from Plaintiff to unjustly enrich the Owner/Operator Defendants or using portion of the tips to pay non-tipped employees is prohibited under the FLSA.

106.     A charge purported to be a gratuity, including charges advertised to be "delivery fee" to customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

107.     §146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

### COUNT VI.
**[Violation of New York Labor Law—Spread of Time Pay
Brought on behalf of Plaintiffs and Rule 23 Class]**

108.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

110.     Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiffs and the Rule 23 Class]

111.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

112.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

113.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiffs worked.

114.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

115.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiffs and Rule 23 Class]

116.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.     Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

118.     As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

119.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

120.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT IX.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiffs and Rule 23 Class]**

121.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

123.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

124.     Defendants not only did not provide notice to each employee at Time of Hire, but

failed to provide notice to Plaintiffs even after the fact.

125.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT X.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiffs and Rule 23 Class]

126.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

127.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

128.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

129.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT XI.
### [Violation of the Americans with Disabilities Act—Wrongful Termination Brought on behalf of Plaintiff Qian Xiong Lin]

130.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

131.    The Americans with Disabilities Act ("ADA") prohibits discrimination against persons with disabilities in employment. Title I of the ADA protects the rights of employees. The

ADA prohibits private employers from discriminating against individuals with disabilities in hiring, firing, and job training.

132.     The Defendants herein are a covered entity under the ADA. The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee, including a private employer, who are required to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an… employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. §§ 12112(b)(5)(A) and 12111(2).

133.     The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position." § 12111(8).

134.     A "disability" is, inter alia, a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." § 12102(2).

135.     In or about June, 2017, the Plaintiff developed symptoms of difficulty in performing his tasks in employment. He was working a sushi chef, which required repetitive activity, and was overworked to the point where he could no longer move his arm as required.

136.     On or about June 18, 2017, he asked the Defendants to provide medical care. Defendants refused, and did not provide Worker's Compensation to Plaintiff. In response to Plaintiff's complaint of job-related impairment, Defendants fired him.

137.     This was in violation of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)  Authorizing Plaintiff Qian Xiong Lin at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)  An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated

damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)   Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)   Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)   An award of economic and punitive damages as a result of Defendants' willful violations of the Americans with Disabilities Act.

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)  Such other and further legal and equitable relief as this Court deems necessary, just, and

proper.


Dated: Flushing, New York
        July 5, 2019

                                    TROY LAW, PLLC
                                    *Attorneys for the Plaintiffs, proposed FLSA*
                                    *Collective and potential Rule 23 Class*


                                     /s/ John Troy
                                    John Troy (JT0481)