UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
QIAN XIONG LIN, and
HANG QI LIN,
on their own behalf and on behalf of others similarly
situated,

                          Plaintiffs,                 **MEMORANDUM**
                                                                      **AND OPINION**
                 -against-                                CV 17-4994 (JS)(AYS)

DJ'S INTERNATIONAL BUFFET INC;
DING CHEN,
DAVID LIANG a/k/a David Lian, and
XIN SHIRLEY BI a/k/a Shirley Kin Bi,

                          Defendants.
---------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       Plaintiffs, Qian Xiong Lin and Hang Qi Lin ("Plaintiffs"), commenced this action, on behalf of themselves and others similarly situated, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, 207, and 216(b), New York Labor Law ("NYLL") Article 19 §§ 633, 652, NYLL Article 6 §§ 190 et seq., and 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2, 142-2.4 and 137-1.7.  Plaintiffs seek unpaid wages, overtime compensation and other damages.  Named as defendants are corporate defendant DJ's International Buffet, Inc. ("DJ's International") and individual defendants Ding Chen, David Liang and Shirley Kin Bi (collectively, "Defendants").

       Presently before the court is Plaintiffs' motion to have this matter proceed conditionally as a collective action pursuant to 29 U.S.C. §216(b).[1]  In the event that this Court grants

---

1. Plaintiff also asserts various claims pursuant to the New York Labor Law that are not before the Court in the instant motion.

Plaintiffs' motion for conditional certification, Plaintiffs seeks approval of a form of notice advising members of the collective of their right to opt-in to this action, and authorizing the sending and/or posting of notice of the collective action. Defendants oppose the motion in its entirety.

For the reasons set forth below, Plaintiffs' motion to proceed as a conditional collective action is granted in part and denied in part. The collective action shall consist of all non-exempt, non-managerial employees, whether tipped or non-tipped, who were employed by Defendants from August 21, 2014 to the present. With regard to the form of notice, this Court's "Notice Form" is attached, and is the presumptively correct form to be used in cases before this Court where a collective action is certified. Counsel are directed to confer regarding the language of this notice. Any proposed or agreed upon changes to this Court's form are to be submitted for review, along with an explanation as why the change is necessary. This Court will then rule on the appropriate form of notice.

## BACKGROUND

I.  Facts Considered in the Context of this Motion

The facts summarized below are drawn from the submissions of the parties as described below. Plaintiffs rely on the allegations set forth in their Amended Complaint ("Am. Compl."), (Docket Entry ("DE") [49]), as well as the affidavits of Plaintiffs Qian Xiong Lin ("Qian Lin"), (DE [57-4]), and Hang Qi Lin ("Hang Lin"), (DE [57-5]). In response, Defendants submit the factual declaration of Defendant Ding Chen ("Chen"), the owner of DJ's International, (DE [60]), as well as documentary evidence that Defendants assert contradict Plaintiffs' factual affidavits. (DE [60-2,] [60-3], [60-4].)

II.      <u>The Parties and the Factual Allegations of the Complaint</u>

DJ's International is a domestic business corporation – namely, a restaurant – organized and existing under the laws of the State of New York, with gross sales in excess of five hundred thousand dollars per year. (Am. Compl. ¶¶ 9-10.) Its principal address is located at 1100 Stewart Avenue, Garden City, New York. (Id. ¶ 9.) DJ's International is jointly owned by individual defendants Chen and David Liang ("Liang"), who both act as the day-to-day managers of the restaurant. (Id. ¶¶ 13, 15.) Defendant Xin Shirley ("Shirley") is the Chief Executive Officer of DJ's International and also acts as a day-to-day manager. (Id. ¶ 17.)

Plaintiff Qian Lin was employed as a sushi chef from July 1, 2011 to June 30, 2017 at DJ's International. (Id. ¶¶ 7, 34.) Qian Lin states that during the entirety of his employment, he worked twelve hours per workday, five to six days per week, for an average of sixty-six hours per week. (Id. ¶ 35.) From July 1, 2011 to July 31, 2011, Qian Lin states that he was not paid at all. (Id. ¶ 39.) Thereafter, from August 1, 2011 to the end of his employment on June 30. 2012, Qian Lin was paid a flat monthly rate, ranging from $1,700 to $3,400 per month. (Id. ¶¶ 40-51.) Qian Lin further states that he was not given a fixed time for his meal breaks, but rather was provided ten minutes to eat his meals, during which time he was on call to work. (Id. ¶¶ 37-38.)

Plaintiff Hang Lin was employed as a waiter for DJ's International from January 1, 2011 to December 25, 2014. (Id. ¶¶ 8, 57.) Hang Lin states that during the entirety of his employment, he worked twelve hours per workday, five to six days per week, for an approximate average of sixty-one hours per week. (Id. ¶ 58.) Hang Lin further states that he was not given a fixed time for his meal breaks, but rather was provided ten minutes to eat his

meals, during which time he was on call to work. (Id. ¶¶ 59-60.) Finally, Hang Lin states that throughout his employment, he was not paid any base wage. (Id. ¶ 61.) Nor was he informed of his hourly pay rate or of any tip credits towards the minimum wage. (Id. ¶ 62.) Rather, Hang Lin received only tips, which he contributed to a tip pool. (Id. ¶ 63.)

Both Plaintiffs allege that they were not paid any overtime compensation during their employment with Defendants. (Id. ¶¶ 52-53, 65-66.) Plaintiffs also allege that neither was provided a statement in Chinese, their native language, with each payment of wages, reflecting their names, their employer's name, address and telephone number, their rates of pay, any deductions made or allowances claimed from their wages, and their gross and net wages. (Id. ¶¶ 55, 67.) Finally, both Plaintiffs allege that they were not compensated for New York's "spread of hours" premium for shifts worked in excess of ten hours. (Id. ¶¶ 56, 68.)

### III.  Claims Alleged in the Amended Complaint and the Proposed Collective

Plaintiffs' first cause of action in the Amended Complaint alleges violation of the FLSA for Defendants' failure to pay wages for time worked. (Am. Compl. ¶¶ 79-82.) The second cause of action alleges a parallel unpaid wage claim pursuant to the New York Labor Law ("NYLL"). (Id. ¶¶ 83-87.) Count Three of the Amended Complaint alleges overtime wage violations pursuant to the FLSA and Count Four alleges parallel overtime wage violations pursuant to the New York Labor Law. (Id. ¶¶ 89-100.) Plaintiffs' fifth, sixth, and seventh causes of action allege illegal tip retention, failure to pay spread of time pay, and failure to provide meal periods, pursuant to the NYLL. (Id. ¶¶ 101-15.) The Eighth cause of action in the Amended Complaint alleges Defendants' failure to keep records, pursuant to the NYLL. (Id. ¶¶ 116-20.) Finally, Counts Nine and Ten of the Amended Complaint allege that Defendants failed to provide Plaintiffs with a wage notice at the time of hire, as well as wage statements every

4

payday, in violation of the NYLL. (Id. ¶¶ 121-29.) Plaintiffs seek compensatory damages for themselves and those who opt in to the collective action, as well as liquidated damages, attorney's fees, and the costs of this action.

Plaintiffs seek to pursue this matter as an FLSA collective action that includes all current and former non-exempt, non-managerial employees, both tipped and non-tipped, employed by Defendants from August 24, 2014 to date. (Not. of Pl. Mot. for Conditional Collective Certification, DE [56], at 1.) Members of the proposed collective action are alleged to be subject to the same unlawful policy as Plaintiffs in that they, like Plaintiff, worked hours for which they were not compensated in violation of the FLSA's overtime provisions. Defendants' conduct with respect to the improper payment of wages is alleged to be willful. (Am. Compl. ¶¶ 82, 94.) In furtherance of their request to proceed as a collective action, Plaintiffs request court-authorized notice be published to the putative collective action members to notify them of the pendency of this action, and of their rights under the FLSA. (DE [57-2].)

IV.     Plaintiffs' Motion and Supporting Documentation

As noted, Plaintiffs seek conditional certification of this matter as an FLSA collective action, and to have notice of the pendency of this action (and the right to opt in), sent to all potential members of the proposed collective action. The individuals to whom notice is proposed to be sent are described as those current and former non-exempt, non-managerial employees who worked for Defendant "DJ's International Buffet Inc. located at 1100 Stewart Avenue, Garden City, NY 11530 between August 24, 2014 to the present." (DE [57-2].) In support of the motion, Plaintiffs submit, as noted, their affidavits.

Plaintiff Qian Lin's affidavit states that he was employed by Defendants as a sushi chef from July 1, 2011 to June 18, 2017, during which he was paid a flat monthly compensation,

5

regardless of the number of hours worked, and was not paid at all during a one-month long training period. (Qian Lin Aff. ¶¶ 3-26.) Qian Lin further states that throughout his employment, he worked a number of hours each week in excess of forty and was not paid overtime compensation for those hours. (Id. ¶ 28.) Qian Lin claims that other employees, including other sushi chefs and buffet attendants, were subject to the same compensation policy. (Id. ¶¶ 34-91.)

Plaintiff Hang Lin's Affidavit corroborates Qian Lin's. Hang Lin states in his affidavit that he was compensated only in tips and was not paid any base wage. (Hang Lin Aff. ¶¶ 3-10.) Hang Lin further states that throughout his employment, he worked a number of hours each week in excess of forty and was not paid overtime compensation for those hours. (Id. ¶¶ 6, 12.) Hang Lin also claims that other employees, including other waiters and buffet attendants, were subject to the same compensation policy that he was. (Id. ¶¶ 21-67.)

V.  Defendants' Opposition

Defendants oppose Plaintiffs' motion, arguing that: (1) there is no common unlawful compensation policy; and, (2) Plaintiffs and members of the putative FLSA collective action are not "similarly situated." (Def. Mem. of Law in Opp'n to Pl. Mot for Conditional Certification, DE [60-1], at 2-11.) Defendants also oppose Plaintiffs' request to equitably toll the statute of limitations, Plaintiffs' proposed notice of pendency, Plaintiffs' request for an order allowing them to publish the proposed notice of pendency on social media, at Defendants' expense, if more than twenty percent of the notices sent are returned as undeliverable, and Plaintiffs' request to permit putative plaintiffs to opt in to the action via Plaintiffs' counsel's website. (Id. 12-18.) In support of their position, Defendants rely on the declaration of its owner, Chen, and documentary evidence, such as Plaintiffs' pay stubs and W-2's, as well as a handwritten

statement from a current employee, which they assert contradict Plaintiff Qian Lin's responses to Defendants' requests for interrogatories. (DE [60], [60-3], [60-4], [60-5].)

Having set forth the parties' positions and supporting documentation, the Court turns to the merits of the motion.

DISCUSSION

I.  Conditional Collective Action Certification: Legal Principles

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. See 29 U.S.C. §§ 206-207. Section 216(b) of that statute provides an employee with a private right of action to recover overtime compensation and/or minimum wages on behalf of himself, as well as other similarly situated employees. Such similarly situated employees may become parties to an FLSA action upon giving consent in writing to become parties, which consent is filed in the court in which the action is brought. See 29 U.S.C. § 216(b); Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective. See Mongiove v. Nate's Corp., No. 15-CV-1024, 2016 WL 590460, at * 1 (E.D.N.Y. Feb. 11, 2016). First, the court determines whether the proposed class members are similarly situated with respect to the alleged FLSA violations. See Myers v. Hertz, 624 F.3d 537, 554-55 (2d Cir. 2010); Wang v. Shun Lee Palace Rest., Inc., No. 17-CV-0840, 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018); Jin v. Shanghai Original, Inc., No. 16-cv-5633, 2018 WL 1597389, at *5 (E.D.N.Y. Apr. 2, 2018); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2007). If the court decides the similarity question in the affirmative, appropriate notice is sent and members of the collective may thereafter "opt-in" by consenting in writing to be bound by the result of the suit. See

7

Sultonmurodov v. Mesivta of Long Beach, No. 15-CV-1654, 2015 WL 9273948, at *2 (E.D.N.Y. Dec. 17. 2015); Rubery, 569 F. Supp. 2d at 336; see also 29 U.S.C. § 216(b). The second step, which typically occurs after the completion of discovery, requires the court to make renewed factual findings as to whether the class members are actually similarly situated. See Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Bifulco, 262 F.R.D. at 212 (quotations and citations omitted). In the event that they are not, "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." Id. (quoting Rubery, 569 F. Supp. 2d at 336); see also Jin, 2018 WL 1597389, at *5.

The instant motion concerns only the first step, i.e., whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," Castillo v. Perfume Worldwide Inc., No. 17-2972, 2018 WL 1581975, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting Bifulco, 262 F.R.D. at 212), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013).

Importantly, the issue of "similarly situated" refers not to similarity of job duties, but to similarity in pay structure. Thus, courts in this district and elsewhere routinely reject attempts to limit certification based on alleged dissimilarity of job function. See, e.g., Ritz v. Mike Rory

8

Corp., No. 12 CV 367, 2013 WL 1799974, at *2 (E.D.N.Y. Apr. 30, 2013) (rejecting limiting conditional class to bartenders and instead, including all tipped service workers in conditional class); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions). Additionally, it is well-recognized that the burden at the conditional certification stage is so low that Plaintiff's lone affidavit setting forth a common payment scheme may suffice. See Sultonmurodov, 2015 WL 9273948, at *2.

II. The Motion for Conditional Certification is Granted

Defendants oppose the motion on the ground that Plaintiffs' submission fails to sustain even the limited burden of proof necessary for notice of a collective action to be sent, arguing that Plaintiffs are not similarly situated to other putative FLSA collective members and that Plaintiffs have not demonstrated a common unlawful compensation policy. The Court disagrees. Plaintiffs have set forth sufficient facts to support the modest factual showing that Defendants' employees were subject to a policy of not being compensated for hours worked in excess of forty per week.

Defendants' opposition is premised on the argument that Plaintiff Qian Lin's Affidavit contains materially false statements that are contradicted by his responses to Defendants' request for interrogatories. According to Defendants, such contradictions indicate that Qian Lin is not credible and as such, his affidavit should be disregarded. (Def. Mem. of Law in Opp'n 6.) However, this is not the inquiry at this stage of the litigation. "The relevant issue here . . . is not

9

whether Plaintiffs and potential opt-in plaintiffs were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213 (D. Conn. 2012). Plaintiff is seeking only conditional certification and thus, "a fact-intensive inquiry is inappropriate at the notice stage . . . ." Id.

Deposition testimony corroborating Plaintiffs' affidavits will be more availing at the next stage of this litigation, which will take place at the close of factual discovery. At that time, if requested, the Court will make renewed factual findings to determine whether the Plaintiffs are actually similarly situated to other employees. At this stage however, Defendants' opposition papers serve only to create a question of fact; they do not, as a matter of law, defeat the motion for conditional certification.

Accordingly, Plaintiffs' motion for conditional certification of a collective action is granted. The collective action shall consist of those current and former non-exempt, non-managerial employees, both tipped and non-tipped, employed by Defendant DJ's International Buffet, Inc. from August 24, 2014 to date, who were not paid minimum wage or overtime compensation for hours worked in excess of forty per week.

### III. Plaintiffs' Additional Requests are Rejected

As part of their motion, Plaintiffs' request that the Court equitably toll the FLSA's limitations period during the time putative class members will have to opt in to the collective action. (Pl. Mem. of Law 23.) However, as Defendants point out, Plaintiffs offer no basis for equitably tolling the statute of limitations, which is typically only permitted when there has been fraud or other conduct by defendant designed to conceal the existence of a claim from plaintiff. See Pietri v. N.Y.S. Office of Court Admin., 936 F. Supp. 2d 120, 137 (E.D.N.Y.

10

2013).  As Plaintiffs have offered no facts to support their request for equitable tolling, and the Court finds no basis for applying it, Plaintiffs' request to equitably toll the FLSA's statute of limitations during the opt-in period is denied.

Next, Plaintiffs request that the notice of pendency be "disseminated in any relevant language, via mail, email, text message, or social media group and individual chat and posts, to all potential members of the collective." (Pl. Mem. of Law 18.)  Along with this, Plaintiffs also request that putative class members be able to opt in to the collective action via Plaintiffs' counsel's website by electronically submitting a Consent to Join form.  (Pl. Mem. of Law 19.) Defendants object to both requests.

The typical methods for disseminating notice to putative collective action members are through the United States mail and by posting hard copies at Defendants' place of business. See, e.g., Trinidad, 962 F. Supp. 2d at 564; Malloy v. Richard Fleischman & Assocs., Inc., No. 09-cv-322, 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009).  The Court sees no reason to deviate from these methods.  Posting on social media and websites "would be overbroad and not likely to materially improve the chances of notice." Mark v. Gawker Media LLC, No. 13-cv-4347, 2014 WL 5557489, at *4 (S.D.N.Y. Nov. 3, 2014).  The potential plaintiffs herein are "likely to be reached and identified by other means, and any plaintiffs who cannot be reached will not have their legal rights altered by their inaction," whereas posting on social media and websites has the potential to prejudice Defendants.  Id.  Accordingly, Plaintiffs' request is denied.  The notice of pendency shall be disseminated only by mail and by posting at Defendants' place of business.  The Consent to Join forms shall be returnable only by mail. However, the Court approves the request to have the notice published in both English and Chinese, the native language of the majority of the potential plaintiffs.

Finally, Plaintiffs request that if Defendants fail to provide them with a complete list of current and former employees for the relevant time period, and their contact information, or if more than twenty percent of the mailings are returned as undeliverable, Plaintiffs should be permitted to post an abbreviated form of notice on social media or in newspapers at Defendants' expense. (Pl. Not. of Mot. ¶ 8; Pl. Reply Mem. of Law 7.) Plaintiffs provide no basis in law for this request and the Court finds none applicable. Moreover, the Court finds Plaintiffs' request patently unreasonable. As such the request is denied.

IV.     Form of Notice

The parties also disagree about the form the notice of pendency should take and the length of the opt-in period. Since the parties cannot agree on a proposed notice, they are referred to this Court's pre-approved form of notice to be used in FLSA conditionally certified collective actions, which is annexed to the Court's Individual Rules at Appendix C and attached hereto. Such form is presumptively approved and reflects the holdings of this Court (and the majority view in this District) as to issues of notice that are continually subject to litigation. To the extent that counsel wish to raise individually, or agree upon, any changes to that form, they are directed to submit any such changes to this Court for review along with an explanation as to why the proposed change is necessary. Counsel's joint statement regarding their agreement or proposed changes as to the form of notice are to be filed in a joint status letter by November 21, 2019.

With respect to the length of the opt-in period set forth in the notice of pendency, Plaintiffs request that the Court permit a ninety-day opt-in period to allow the greatest number of potential plaintiffs to participate in this action. (Pl. Mem. of Law 20.) Defendants object, arguing that a ninety-day period is excessive. (Def. Mem. of Law in Opp'n 14-15.) The Court

agrees with Defendants. "[C]ourts in this district have coalesced around a standard 60-day notice period." Mark, 2014 WL 5557489, at *1 (collecting cases). The Court finds no basis for deviating from this standard. Accordingly, the notice of pendency shall provide for a sixty-day opt-in period.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification as an FLSA collective action pursuant to Section 216(b) of the FLSA is granted in part and denied in part. The collective action shall consist of all non-exempt, non-managerial employees, both tipped and non-tipped, who were employed by Defendants from August 24, 2014 to date. Defendants are directed to provide Plaintiffs with the names and contact information of all employees who may be potential plaintiffs herein within ten (10) days of the date of this Order. Counsel for the parties are directed to confer regarding the use of the attached notice, and any changes to this form are to be submitted for Court review, along with an explanation as to why the proposed change is necessary, by November 21, 2019. In all other respects, the motion is denied.

**SO ORDERED:**

Dated: Central Islip, New York
November 7, 2019

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge