```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
QUIAN XIONG LIN and HANG QI LIN,
on their own behalf and on behalf
of others similarly situated,                MEMORANDUM & ORDER
                                             17-CV-4994 (JS)(AYS)
              Plaintiffs,

     -against-

DJ'S INTERNATIONAL BUFFET, INC.;
DING CHEN; DAVID LIANG a/k/a
DAVID LIAN; XIN SHIRLEY BI a/k/a
SHIRLEY KIN BI,

              Defendants.
---------------------------------X
APPEARANCES
For Plaintiff          John Troy, Esq.
Hang Qi Lin:           Aaron Schweitzer, Esq.
                       Troy Law, PLLC
                       41-25 Kissena Blvd., Suite 110
                       Flushing, New York 11355

For Defendants:        Benjamin B. Xue, Esq.
                       Michael S. Romero, Esq.
                       Xue & Associates, P.C.
                       1 School Street, Suite 303A
                       Glen Cove, New York 11542
```

SEYBERT, District Judge:

On August 24, 2017, Plaintiffs Qian Xiong Lin ("Q. Lin") and Hang Qi Lin ("Plaintiff" or "H. Lin") (collectively, "Plaintiffs") commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and the Americans with Disabilities Act ("ADA") against Defendants DJ's International Buffet, Inc. ("DJ's International"), Ding Chen

("Chen"), David Liang ("Liang"), and Xin Shirley Bi ("Bi")[1] (collectively, "Defendants").  (Am. Compl., ECF No. 49.)  On January 10, 2023, Plaintiff Q. Lin was terminated from this action upon accepting an Offer of Judgment from Defendants.  (See Clerk's Judgment, ECF No. 126.)  That same day, the remaining Plaintiff in this action, H. Lin, proceeded to trial, which concluded on January 17, 2023.  (See Min. Entries, ECF Nos. 127, 131.)  The jury reached a verdict in favor of Plaintiff.  (Verdict Sheet, ECF No. 134.) The jury concluded, inter alia: (1) Liang was Plaintiff's employer; (2) Plaintiff was employed by Liang, DJ's International Buffet, and Chen from January 2011 to December 1, 2014; (3) Plaintiff was not paid minimum wages on at least one occasion on or after July 5, 2013; (4) Plaintiff was entitled to damages for unpaid minimum wages in the amount of $34,063.75; (5) Plaintiff was not paid overtime wages on at least one occasion on or after July 5, 2013; (6) Plaintiff was entitled to damages for unpaid overtime wages in the amount of $16,745.63; and (7) Plaintiff was entitled to "spread of hours" compensation in the amount of $2,855.25.  (See Verdict Sheet, in toto.)

Pending before the Court is Defendants' Motion to Set Aside the Jury Verdict, or in the alternative, for a New Trial

---

[1] Plaintiffs' claims against Defendant Bi and Q. Lin's ADA claims were dismissed on March 31, 2022.  (See Memo & Order, ECF No. 99.)

2

(the "Motion").² (ECF No. 140.) For the reasons stated herein, Defendants' Motion is denied insofar as it seeks: (1) to set aside the jury verdict; and (2) judgment as a matter of law. Furthermore, Defendants' Motion is conditionally denied as to its request for a new trial, pending Plaintiff's acceptance of remittitur by way of a reduction of damages in the amount of $11,163.75.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case, including the January 2023 trial proceedings. The Court refers to the trial transcript herein only to the extent necessary to resolve the instant Motion. (See Tr., ECF No. 141-1.)

## ANALYSIS

I. Legal Standards

A. Motion to Set Aside Verdict

When "a party has been fully heard on an issue during a jury trial," such party may move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50, at which time, the court may either deny or grant such motion. FED. R. CIV.

---

² The Court notes there is a pending Motion for a Charging Lien (ECF No. 138) as well as a Letter-Motion to Enforce a Charging Lien (ECF No. 145). Those motions are respectfully referred to Magistrate Judge Shields for decision.

3

P. 50(a).  If the court denies a party's motion for a jury trial, such motion may be renewed within 28 days of the entry of judgment in the case.  FED. R. CIV. P. 50(b).

> In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Id.  A party making a renewed motion to set aside a verdict pursuant to Rule 50 faces a "heavy burden" and the motion will only be granted where "a party has been fully heard on an issue during a jury trial and the court finds a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Harewood v. Braithwaite, 64 F. Supp. 3d 384, 396 (E.D.N.Y. 2014) (citing Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011)) (further citations and quotation marks omitted).  In determining whether the jury had legally sufficient evidence to support their finding, the court must "draw all reasonable inferences in favor of the non[-]moving party" and, to the extent there is evidence favorable to the moving party that the jury is not required to believe, such evidence should be disregarded.  Id. (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000)).

The Rule 50 standard affords great deference to the jury, and "[a] jury verdict is not to be set aside and judgment entered as a matter of law" unless "the evidence is such that, without

4

weighing the credibility of the witnesses or otherwise considering the weight of the evidence there can be but one conclusion" reached by a reasonable jury. Altman v. Port Auth. of N.Y. & N.J., 879 F. Supp. 345, 348 (S.D.N.Y. 1995) (quoting Samuels v. Air Transp. Local 504, 992 F.2d 12, 14 (2d Cir. 1993)) (further citations omitted). Indeed, "[a] trial court may refrain from setting aside a verdict and ordering a new trial" where the jury's verdict and resolution of issues was dependent upon the "assessment of the credibility of the witnesses." Id.; see also Anderson v. Aparicio, 25 F. Supp. 3d 303, 308 (E.D.N.Y. 2014) ("Importantly, the trial court 'cannot set aside the jury's credibility findings and cannot find for the movant based on evidence the jury was entitled to discredit.'") (citations omitted). Moreover, the court may set aside a jury verdict only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture" or where the "evidence in favor of the movant is so overwhelming that reasonable and fair[-]minded persons could not arrive at a verdict against it." Adedeji v. Hoder, 935 F. Supp. 2d 557, 566 (E.D.N.Y. 2013) (quoting Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008)) (alterations omitted).

B. Motion for a New Trial

A district court should grant a motion for a new trial pursuant to Rule 59 where "it is convinced that the jury has

5

reached a seriously erroneous result or that the verdict is a miscarriage of justice." Maurer v. Patterson, 197 F.R.D. 244, 248 (S.D.N.Y. 2000) (citations and quotation marks omitted). Unlike the Rule 50 standard for a directed verdict, the Rule 59 standard for a new trial may be met "even if there is substantial evidence supporting the jury's verdict," and the Court is free to "weigh the evidence [itself], and need not view it in the light most favorable" to the non-movant. Anderson, 25 F. Supp. 3d at 308. However, the Second Circuit has instructed district courts to "bear in mind" they "should only grant such a motion when the jury's verdict is 'egregious.'" DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1998) ("Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility"). The moving party thus bears a substantial burden in establishing it is entitled to a new trial.[3]

---

[3] In this diversity action alleging violations of New York law, the parties dispute whether state or federal standards of review govern. In their Motion, Defendants cite to both state and federal standards without opining as to which applies. (See Defs.' Support Memo, ECF No. 142, at 5 (requesting the Court grant their Motion for judgment as a matter of law "pursuant to CPLR § 4404(a) and/or [Rule] 50", or in the alternative, that the Court order a "new trial pursuant to CPLR § 4404(a) and/or [Rule] 59").) Plaintiff contends, however, that Rules 50 and 59 govern, and CPLR § 4404(a) is inapplicable because Rule 50 and 59 "occpy the entire field of action also sought to be occupied by CPLR § 4404, and thereby displace [the state statute] in federal court" under Erie and its progeny. (Pl's Opp'n, ECF No. 143, at 15.) See generally, Erie R. Co. v. Tompkins, 304 U.S. 64, 72 (1938); see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 393 (2010) (holding, where a federal rule "answers the question in a

6

Furthermore, where a court identifies an issue with the jury's award of damages, it has the "authority to enter a conditional order of remittitur, compelling a plaintiff to choose between a reduction of an excessive verdict and a new trial." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 165 (2d Cir. 1998). In particular:

> The trial judge has "'discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence.' . . . This discretion includes overturning verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)."

Id. (finding no abuse of discretion where the district court, upon finding the jury miscalculated plaintiff's backpay, granted

---

dispute" the federal rule governs in a diversity action "unless it exceeds its statutory authorization or Congress' rulemaking power.").

While the Court is inclined to agree with Plaintiff, it need not weigh in on this issue because Defendants fail to meet both state and federal standards to set aside the verdict and grant a new trial. See Carroll v. Trump, 683 F. Supp. 3d 302, 323 n. 58 (S.D.N.Y. 2023) (noting the "unresolved Erie issue" concerning "whether the state or federal standard of review applies in a motion for a new trial in a diversity action" but declining to resolve such issue where "the evidence presented at trial . . . satisfies both the federal and state standards"); see also N.Y. C.P.L.R. § 4404(a) ("[T]he court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as is deemed reasonable by the court.").

7

plaintiff's motion for a remittitur or new trial) (citations omitted); see also Stampf v. Long Island R.R. Co., 761 F.3d 192, 204 (2d Cir. 2014) ("In considering motions for a new trial and/or remittitur, '[t]he role of the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered.'"); Morris v. Flaig, 511 F. Supp. 2d 282, 312 (E.D.N.Y. 2007) (where punitive damages award was "not reasonably related to the harm done," conditionally remitting damages, and, if remittitur is not accepted by plaintiff, ordering a new trial).

## II. Discussion

### A. The Jury Verdict Should Not Be Set Aside

#### 1. There Was Sufficient Evidence for the Jury to Conclude Plaintiff Worked During the Time Period Indicated

Defendants argue this Court should set aside the jury verdict because the "only evidence of Plaintiff's duration of employment comes from Plaintiff's own self-serving testimony" and such testimony is contradicted by Plaintiff's prior testimony and the testimony of others. (Defs.' Support Memo at 6-7.) In so arguing, Defendants fundamentally misunderstand that jurors, as fact finders responsible for weighing witness credibility, are permitted to believe Plaintiff's testimony over the testimony others, regardless of whether Defendants believe such testimony to

8

be "self-serving". See Aguilar v. Ham N Eggery Deli Inc., No. 15-CV-2781, 2019 WL 4247228, at *6 (E.D.N.Y. Sept. 5, 2019) (declining to set aside the jury verdict in an FLSA case where "[t]he jury considered the conflicting testimony and credited [plaintiff's] claim that he was not paid properly during his time working for the defendants"); see also Krause v. Kelahan, 575 F. Supp. 3d 302, 308 (N.D.N.Y. 2021) ("Defendants may dismiss . . . testimony as self-serving, but the jury was properly instructed in how to weigh the testimony of an interested witness and apparently credited her narrative anyway"); Do Yea Kim v. 167 Nail Plaza, No. 05-CV-8560, 2008 WL 2676598, at *2 (S.D.N.Y. July 7, 2008) (denying motion to set aside verdict where "[t]he jury considered the competing testimony, found plaintiff more credible, and decided in her favor"); Kassim v. City of Schenectady, 415 F.3d 246, 251 (2d Cir. 2005) ("Where a party has made a prior statement inconsistent with the one the party seeks to advance at trial, a question of credibility arises, which is for the jury, not the judge, to assess.").

Plaintiff provided sufficient testimonial evidence which could lead a reasonable jury to conclude he was employed at DJ's International from January 1, 2011 to December 1, 2014. (Tr. 26:4-14 (Plaintiff testifying he worked at DJ's International beginning in January 2011 and ending at "the end of 2014")).

9

Despite Defendants' contention otherwise, the facts that: (1) Plaintiff's testimony conflicts with the testimony of others; (2) Plaintiff's memory was not air-tight with regard to his dates of employment at other restaurants; and (3) Plaintiff's tax returns may not have reflected income received from DJ's International in 2014, are insufficient to meet Defendants' "heavy burden" of showing "a reasonable jury would not have legally sufficient evidentiary basis to find for" Plaintiff. (Support Memo at 11-12, 14); see also Harewood v. Braithwaite, 64 F. Supp. 3d 384, 396 (E.D.N.Y. 2014). This is especially true where, as here, the Court is required to draw all reasonable inferences in Plaintiff's favor, and Plaintiff clearly and unequivocally testified as to his dates of employment. See id. (stating, on a motion to set aside the verdict, the Court must draw all inferences in non-movant's favor). The jury had every right to believe Plaintiff's testimony over the testimony of others and weigh the evidence presented, as it did here. Accordingly, the jury's conclusion as to Plaintiff's dates of employment need not be disturbed and Defendants' Motion to set aside the verdict as to Plaintiff's dates of employment is denied. For the same reasons, Defendants' Motion for a new trial on this basis is denied.

### 2. There was Sufficient Evidence for the Jury to Conclude Liang was Plaintiff's Employer

There is also ample evidence in the record upon which the jury could have concluded that Liang was Plaintiff's employer. In cases brought by employees against employers under the FLSA or NYLL, Courts employ the "economic reality test" to determine whether a defendant is an "employer" subject to liability. Chen v. DG & S NY, Inc., 406 F. Supp. 3d 216, 221 (E.D.N.Y. 2016). In determining whether a person is an employer, Courts consider whether the person: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the [employees' pay] rate and method of payment, and (4) maintained employment records." Id. (alterations in original). "The Second Circuit has emphasized" the employee/employer relationship is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 308 (S.D.N.Y. 2011) (citing Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132, 141-42 (2d. Cir 2008)). The test should therefore not be employed as a rote four-factor test, but rather serves as a guideline to determine whether a person or entity "exercises sufficient formal control over a worker to be that worker's employer" under the applicable law. Id. at 309.

In light of the aforementioned law, there was sufficient evidence in the record for a reasonable jury to conclude Liang was Plaintiff's employer. First, Plaintiff testified an employment agency put him in touch with Liang concerning a job at DJ's International. (Tr. 27:2-16.) He further testified upon speaking with Liang, he was informed of the "work time, work location . . . [and] pay." (Tr. 27:22-28:5 ("[Liang told me] [w]hat time I was supposed to be at work. What time I was supposed to be off work. How much money I was supposed to make.")). Liang coordinated transportation for Plaintiff and other employees to travel to and from work. (Tr. 29:2-23 ("[Liang] said wait by the side of Flushing Botanical Garden in waiting area, waiting point."). Plaintiff also testified that he knew Liang hired and fired employees. (Tr. 50:7-51:22 (Plaintiff stating, in addition to hiring him, Liang also: (1) hired at least five other employees; (2) fired employees; and (3) informed Plaintiff that he fired employees)). This evidence, touching nearly every factor of the economic reality test, is sufficient for a reasonable jury to conclude Liang was an employer under the FLSA. Defendants' arguments otherwise either focus on irrelevant testimony or ask the Court to weigh the credibility of Plaintiff against the credibility of others who testified before the jury, which the Court may not do at this juncture. Anderson, 25 F. Supp. 3d at 308 ("Importantly, the trial court 'cannot set aside the jury's

12

credibility findings and cannot find for the movant based on evidence the jury was entitled to discredit.'") (citations omitted). Defendants' Motion to set aside the jury verdict as to Liang is therefore denied. For the same reasons, Defendants' Motion for a new trial on this basis is denied.

> B. <u>Defendants Are Entitled to a Reduction of Damages, or Alternatively, a New Trial</u>

When a Plaintiff establishes he was paid less than minimum wage during his period of employment, "he is entitled to minimum wage damages" for all "non-overtime" hours worked. <u>Sanchez v. Ms. Wine Shop Inc.</u>, 643 F. Supp. 3d 355, 376 (E.D.N.Y. 2022) (acknowledging this to be true under both the FLSA and NYLL). For hours worked in excess of 40 hours, employees are entitled to receive compensation at a rate of pay "not less than 1.5 times the regular rate of pay." <u>Id.</u> at 377. Overtime damages are "calculated by multiplying the difference between the paid rate and the overtime wage rate (minimum wage times 1.5) by the total number of <u>overtime</u> hours worked." <u>Id.</u> (recommending plaintiff receive damages for the first 40 hours worked at the minimum wage rate, and for overtime hours worked at one-and-a-half times the minimum wage rate) (emphasis added). Plaintiff cannot receive both minimum wage and overtime compensation for hours worked in excess of 40 hours, "because plaintiff has already been paid" a

13

minimum wage for the first 40 hours worked, and cannot "double-dip" by receiving both minimum wage and overtime wages.  See id.

Here, the jury erroneously calculated damages such that Plaintiff was to receive double compensation for overtime hours worked, that is, minimum wage compensation for all hours worked over 40 hours, plus overtime compensation for all hours worked over 40 hours. (See Verdict Sheet, at 2-3.)  This cannot stand. For the approximately 26-week time period spanning from July 5, 2013 to December 31, 2013 (the "2013 Time Period"), Plaintiff should have been awarded a minimum wage of $7.25 per hour only for the 40 non-overtime hours worked, totaling $7,540.  For the approximately 48-week time period spanning from December 31, 2013 to December 1, 2014 (the "2014 Time Period"), Plaintiff should have been awarded a minimum wage of $8.00 per hour only for the 40 non-overtime hours worked, totaling $15,360.  Thus, the total amount of minimum wage damages Plaintiff is entitled to for both the 2013 and 2014 Time Periods should be $22,900, not $34,063.75. Consequently, the jury award should be reduced by $11,163.75.

Accordingly, Defendants' Motion for a new trial is denied on condition that Plaintiff accept remittitur by way of a reduction of damages in the amount of $11,163.75.  Plaintiffs have until **October 30, 2024** to accept the remittitur, or the Court shall

14

vacate the damages award and order a new trial on the damages issue.

## CONCLUSION

For the stated reasons, it is HEREBY ORDERED that Defendants' Motion to Set Aside the Jury Verdict is (ECF No. 140) is DENIED insofar as it requests:(1) to set aside the jury verdict; and (2) judgment as a matter of law.  It is FURTHER ORDERED Defendants' Motion is conditionally denied as to its request for a new trial, pending Plaintiff's acceptance of remittitur by way of a reduction of damages in the amount of $11,163.75.

IT IS FURTHER ORDERED counsel John Troy's Motion for a Charging Lien (ECF No. 138) and counsel Richard Morel's Letter-Motion to Enforce a Charging Lien (ECF No. 145) are respectfully referred to Magistrate Judge Shields for decision.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 27, 2024
       Central Islip, New York